UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HOPE E. KEARNEY**                                                          **CIVIL ACTION**

**VERSUS**                                                                            **NO. 13-548-SDD-RLB**

**AETNA LIFE INSURANCE COMPANY**

### ORDER

Pursuant to this court's scheduling order, plaintiff Hope E. Kearney submitted "Plaintiff's Statement regarding Administrative Record." (R. Doc. 18). Plaintiff asserts that the Administrative Record is incomplete and that certain clinical notes of Dr. Stanford Owen, for the period of January 3, 2009 through November 10, 2009, "should have been part of the administrative record." Those proposed additions to the Administrative Record were attached to Plaintiff's request (R. Doc. 18-1). The court will treat Plaintiff's request as a motion to supplement the administrative record. Plaintiff's request is opposed. (R. Doc. 20).

According to the complaint, plaintiff was an employee of Unisys Corporation and participated in a Disability Benefit Plan (the "Plan") that was issued by Aetna Life Insurance Company (Aetna), which provided disability benefits. (R. Doc. 1, ¶5). The parties do not dispute that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA").

In November of 2009, plaintiff applied for and was approved for disability benefits (R. Doc. 1, ¶8). On or about November 17, 2011, plaintiff was advised that Aetna had determined that she no longer had a disability that met the Plan's definition and that her benefits would be terminated. (R. Doc. 1, ¶¶9-10). Plaintiff, through counsel, submitted an appeal of this decision

that was rejected by Aetna. (R. Doc. 1, ¶11). A final decision denying plaintiff's claim for long term benefits was made on or about September 29, 2012. (R. Doc. 1, ¶12).

Plaintiff filed this lawsuit against Aetna on August 20, 2013. The parties jointly requested that the court issue an ERISA Case Management Order proposed by the parties. (R. Doc. 13). The court granted that request (R. Doc. 14). Pursuant to the case management order, Aetna filed the administrative record (R. Doc. 17) and plaintiff replied with the instant request to add additional documents that she claims should be part of the administrative record.

Defendant opposes plaintiff's request to add additional documents. Defendant argues that the medical records the plaintiff seeks to add to the administrative record "were never provided to or received by Aetna before the final determination was made." (R. Doc. 20 at 3). In support, defendant provides a "Declaration of Ana Molina" who identifies herself as a "Senior Appeal Specialist" at Aetna who "made the claim decision at issue in this case after Plaintiff requested an administrative appeal of the initial decision." (R. Doc. 20-1, ¶¶ 1, 6). Ms. Molina further declares that she has "reviewed the documents filed into the record as the Administrative Record in this matter" and also "reviewed the records submitted by Ms. Kearney" that are at issue, and concludes that those records "were never provided to or received by Aetna before [she] made a final benefits termination, and are not party of the Administrative Record." (R. Doc. 20-1, ¶¶ 6, 11).

## LAW & ANALYSIS

ERISA provides federal courts with jurisdiction to review benefits determinations made by fiduciaries or plan administrators. *See* 29 U.S.C. § 1132(a)(1)(B). When considering a claim for benefits, the fiduciary or plan administrator has "the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether the record is complete." *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh,*

2

*PA*, 215 F.3d 516, 521 (5th Cir. 2000).  A plaintiff can request that additional evidence be added to the administrative record prior to the fiduciary or plan administrator's consideration of that record.  *Id*.  "Thus, the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."  *Id.*

Regulations pertaining to ERISA clarify that a document, record, or other information shall be deemed "relevant" to a claim if it is "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination[.]"  29 C.F.R. § 2560.503-1(m)(8).

In *Crosby v. Louisiana Health Serv. & Indem. Co*., 647 F.3d 258, 262 (5th Cir. 2011), the Fifth Circuit, in interpreting an earlier decision,[1] explained that evidence is inadmissible in an ERISA action "to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures."  *Id*. at 263.  Accordingly, a claimant in an ERISA action is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded."  *Id*.

Plaintiff specifically stated that the record "does not contain" the clinical notes at issue.  Plaintiff does not claim that they were ever part of the record or ever provided to Aetna in the course of making the benefits determination.  Consistent with this conclusion, plaintiff merely

---

[1] *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), *as recognized by LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc*., 703 F.3d 835 (5th Cir. 2013).

asserts that they "should have been part of the administrative record" since they were created by plaintiff's treating physician during the relevant timeframe. (R. Doc. 18).  Defendant contend that there is no indication that the documents were ever provided to Aetna for consideration during the benefits determination process and, therefore, do not belong in the administrative record.  The sworn declaration by Ms. Molina supports that position.

The court agrees with the Defendant.  The assertions by the attorneys, the administrative record filed with the court, and the declaration of Ms. Molina, support a conclusion that the documents were not submitted to Aetna prior to the completion of the benefits determination process.

Plaintiff had an opportunity to provide these documents to Aetna during the benefit determination process.  This was not done.  "A plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded."  *Id*.  Accordingly, the additional documents attached to plaintiff's statement (R. Doc. 18) will not be added to the administrative record.[2]

## CONCLUSION

Accordingly, Plaintiff's Statement Regarding Administrative Record (R. Doc. 18), construed by the court to be a request to supplement the administrative record, is **DENIED.**

Signed in Baton Rouge, Louisiana, on April 22, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court in *Crosby* did recognize that evidence may be admissible and discoverable to resolve other questions that may be raised in an ERISA action, such as whether the administrative record is complete. *Crosby*, 647 F.3d at 263.  The fact that limited discovery may be appropriate to determine *whether* the administrative record is complete does not mean that claimants may supplement the administrative record with documents not submitted during the benefits determination process.  *Id.*